State of Vermont v. Russell N. Rifkin

[438 A.2d 1122]

No. 277-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed December 1, 1981

474

*John A. Rocray*, Windham County State's Attorney, Brattleboro, for Plaintiff.

*Sam Kono*, Brattleboro, for Defendant.

**Underwood, J.** Defendant was charged with operating a motor vehicle while under the influence of drugs, 23 V.S.A. § 1201(a)(3), after his jeep left an icy road and lodged in the snow. The Vermont State Police officer who investigated testified at trial to a number of symptoms displayed by the defendant at the scene. Defendant, a reformed alcoholic, was taking a prescription drug to control his drinking which can cause at least some of the symptoms he exhibited. He told the officer that 30 minutes before the accident he had smoked half a marijuana cigarette. At trial he repudiated this statement, saying he had lied because he feared that he would be accused of drunk driving, a crime which his past made seem much more onerous to him than the use of marijuana.

No expert testimony was produced at the nonjury trial to link his symptoms with marijuana consumption or to prove that the quantity allegedly consumed would produce an effect which rendered him incapable of driving safely. The judge found the defendant guilty of operating a motor vehicle while under the influence of a drug, to wit, marijuana, to a degree which rendered him incapable of driving safely and entered a judgment of conviction. Defendant appeals on four grounds. In our disposition of the case, however, we reach only his claim that the evidence was insufficient to support the conviction because no expert testimony was offered to link the symptoms

displayed by the defendant to consumption of marijuana, or to prove that the quantity allegedly consumed would render him incapable of driving safely.

The State claims that the sufficiency of the evidence is not properly before this Court because the issue was never raised below and so cannot be raised for the first time on appeal. This argument stems from our holding that:

> [A]bsent a motion for judgment of acquittal at the close of all the evidence, or after verdict, the issue of the sufficiency of the evidence as a whole to support the verdict remains unpresented to the trial court for consideration. Never having been presented for determination, this issue is not preserved for appellate review.

*State* v. *Bressette*, 136 Vt. 315, 317, 388 A.2d 395 (1978).

The State urges us to affirm the judgment by throwing out defendant's timely appeal because he failed to move for judgment of acquittal. This argument is misplaced. *State* v. *Bressette, supra,* was a jury case, and accurately stated the rule which applies when the jury is the trier of fact.

In a nonjury trial, however, the law does not require the criminal defendant to take the unnecessary step of moving for a judgment of acquittal in order to preserve his right to question the sufficiency of the evidence on appeal. See Reporter's Notes, V.R.Cr.P. 29. So long as the appeal is timely filed, the sufficiency of the evidence in a criminal case tried by the court may be considered on appeal even though no motion for judgment of acquittal was made, or one made was not renewed. 2 C. Wright, Federal Practice and Procedure § 469, at 265–66 (1969). "The plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary." *Hall* v. *United States,* 286 F.2d 676 (5th Cir. 1960), *cert. denied,* 366 U.S. 910 (1961).

We turn now to the defendant's claims that the evidence was insufficient to support his conviction.

23 V.S.A. § 1201(a)(3) provides:

> A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway while . . . under the influence of any other drug or under the

combined influence of alcohol and any other drug to a degree which renders him incapable of driving safely.

 Where alcohol is involved, we have consistently held that a lay person, on the basis of his personal observations, is competent to give his opinion as to the sobriety of an individual, *State* v. *Brown*, 125 Vt. 58, 63, 209 A.2d 324 (1965), because it takes no special scientific knowledge or training to recognize intoxication. *State* v. *Coburn*, 122 Vt. 102, 107, 165 A.2d 349 (1960).

Defendant concedes this, but argues that this rule is inappropriate when drugs other than alcohol are alleged to have caused the intoxication. He contends that it is absolutely essential to the State's case, and the State's burden of proof, that expert testimony be offered to (1) connect the symptoms he displayed to the influence of marijuana, and (2) to establish that such influence was to a degree which rendered him incapable in some measure of driving safely at the time and place in question.

 Drugs other than alcohol can produce a confusing array of symptoms which cannot be sorted out without specialized training. For this reason, a nonexpert witness may not express his opinion that a defendant was under the influence of drugs based solely upon his observation of that defendant. *State* v. *Tiernan*, 123 N.J. Super. 322, 330, 302 A.2d 561 (Cape May County Ct. 1973). Were it otherwise, the standard of guilty beyond a reasonable doubt would not be met because lay opinions in this area are not rationally based on perception. Fed. R. Evid. 701. There is then, absent other evidence, the obvious need to have the connection between the symptoms observed and their cause made by one possessing the expertise to do so. Anything less would lead to convictions based on mere speculation. *State* v. *Tiernan, supra; Smithhart* v. *State*, 503 S.W.2d 283, 286 (Tex. Crim. App. 1973).

 Furthermore, when drugs other than alcohol are involved, 23 V.S.A. § 1201(a)(3) requires not only that the driver be under the influence, but that the influence be to a degree which renders him incapable of driving safely. If laymen are unable to rationally relate observed symptoms to the influence of a particular drug, it follows that their opinions

are also incompetent to prove that the influence of the particular drug was to such a degree that it rendered the defendant incapable of driving safely.

We hold that an arresting officer or other witness may give an opinion as to whether a defendant is under the influence of drugs and to a degree rendering him incapable of driving safely only when qualified as an expert, *State* v. *Stevens*, 137 Vt. 473, 477, 408 A.2d 622 (1979); *Cross* v. *Estate of Patch*, 123 Vt. 11, 178 A.2d 393 (1961), to determine these issues from the symptoms displayed. Absent such expertise, the witness may testify only to what he in fact observed. The connection between the symptoms observed and the influence of a drug must then be made by a qualified expert.

*Reversed, judgment vacated, judgment of acquittal entered.*