STATE OF NEBRASKA, APPELLEE, V. GARY J. LESAC, APPELLANT.
437 N.W.2d 517

Filed March 31, 1989.   No. 88-895.

Michael L. Munch, Assistant Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Gary J. Lesac appeals from a judgment of conviction entered by the county court for Sarpy County, Nebraska, of driving while under the influence of a controlled substance, possession of marijuana (less than one ounce), and operating a motor vehicle left of the centerline. On appeal to the district court for Sarpy County, the convictions were affirmed.

The appellant assigns two errors: (1) the finding by the trial court that the State had introduced evidence sufficient to constitute a prima facie case of driving while under the influence of a controlled substance, and (2) the trial court's ruling allowing certain opinion testimony that the defendant was under the influence of a controlled substance.

On January 19, 1988, Officer Geralyn M. Brandt of the La Vista Police Department was patrolling in a cruiser eastbound on Harrison Street approaching 78th Street in La Vista, Sarpy County, Nebraska, when she observed an automobile, being operated in a westerly direction on Harrison Street, drive left of center on Harrison Street and almost strike the officer's cruiser. Officer Brandt turned her cruiser and began pursuit of what subsequently developed to be the appellant's automobile. While proceeding westbound on Harrison Street, she observed the automobile completely leave the westbound lane and operate in the wrong lane of traffic on Harrison Street. She successfully stopped the automobile at approximately 83d and Harrison Streets.

Approaching the vehicle, Officer Brandt testified, she asked for identification and observed that the appellant's eyes appeared to be bloodshot and glassy and that the appellant's

speech was slurred. She detected no odor of alcohol. Thereafter, Officer Brandt, suspecting that the appellant was operating under the influence of a substance other than alcohol, requested the appellant, Lesac, to perform certain sobriety tests, finger-to-nose and heel-to-toe, each of which tests the appellant failed.

In due course, the officer received written permission from the appellant to search the vehicle, a 1974 brown Mustang, and found nothing of interest. An officer who was summoned as a backup officer then engaged in a pat-down search of the appellant at the scene and discovered a package of a green, leafy substance identified at trial as marijuana. Appellant does not contest here the conviction on the charge of possession of marijuana, nor of operating a motor vehicle left of the centerline.

After *Miranda* warnings were given, the appellant waived the presence of counsel, agreed to speak with the officer, and thereupon informed the officer that he had consumed four bowls of marijuana on that same date. Told that he had been observed operating to the left side of the centerline, the appellant stated that he had fallen asleep.

At trial, Officer Brandt was asked whether she had an opinion whether, at the time of the stop, the appellant was under the influence of a controlled substance. Over objection, she indicated in the affirmative and, when asked her opinion, stated that she was of the opinion that the appellant was under the influence of a controlled substance. In addition, Richard Larsen, an investigator for the Sarpy County attorney's office, testified that he had been employed in the detection of substance abuse in the Boys Town Police Department and with the Nebraska State Patrol division of drug control. He stated that he had been employed at Boys Town for approximately a year and with the State Patrol 22 years, was a graduate of the Federal Drug Enforcement Administration Academy, had participated in over 300 drug-related arrests, and was familiar with the effects of marijuana. He described those effects as consistent with the appellant's condition, that is, glassy eyes and slurred speech. Based on the testimony of the officer, the presence of the marijuana found on the appellant's person, the

statement of the appellant admitting consumption of marijuana, and the officer's description of the driving pattern, Larsen was of the opinion that the appellant had consumed and was under the influence of a controlled substance, to wit, marijuana, at the time of his arrest.

In the State's brief, the State asserts that the appellant may not properly raise the assigned errors, since they were not raised in the district court on appeal, citing *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987). The State's reliance on *Painter* is misplaced. In *Painter*, the error alleged that we declined to consider as not being raised in the district court was the alleged incompetence of counsel in the county court, a thing not demonstrable from the record made in the county court. Neb. Rev. Stat. § 24-541.06 (Reissue 1985) provides that "[i]n all cases other than appeals from the Small Claims Court, the district court shall review the case for error appearing on the record made in the county court . . . ." As the errors, if any, are contained in the record, the State's point is not well taken, and this court will properly consider the assigned errors.

In considering the first assignment of error, we note that we have frequently said, "A guilty verdict will not be reversed by this court on appeal unless the evidence is so lacking in probative force that it is insufficient as a matter of law." *State v. Taylor*, 221 Neb. 114, 119, 375 N.W.2d 610, 614 (1985); *State v. Painter, supra*. Further,

> [i]t, however, is a well-established axiom that in resolving a challenge to the sufficiency of the evidence, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such is for the trier of fact and must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

*State v. Borchardt*, 224 Neb. 47, 59, 395 N.W.2d 551, 559-60 (1986).

Taking a view most favorable to the State, there is sufficient evidence to support the appellant's conviction for operating a motor vehicle while under the influence of a controlled substance. The appellant does not contest that he was operating

a motor vehicle on the wrong side of the road. He admitted consumption of four bowls of marijuana (which, Larsen testified, would be between one-half and 1 gram of marijuana per bowl), was found to have marijuana in his possession, had glassy eyes, and, further, failed the sobriety tests. It would be frivolous to suggest that the evidence was not sufficient to sustain the conviction. The first assignment is without merit.

With respect to the second assignment of error, recently, in *State v. Watson, ante* p. 507, 437 N.W.2d 142 (1989), this court considered the evidence of the identity of a drug by a lay witness, and we said,

> We are therefore in agreement with the vast majority of courts in this nation that hold proof of the identity of a substance by circumstantial evidence, including lay testimony by a person sufficiently familiar with the drug in question, may be sufficient in a drug prosecution. Of course, this circumstantial evidence must prove the identity of the substance beyond a reasonable doubt.

*Id.* at 513, 437 N.W.2d at 146. The opinions of Officer Brandt and Investigator Larsen were rationally based on those witnesses' perceptions and were obviously helpful to the determination of a fact in issue. They were therefore admissible. Neb. Rev. Stat. § 27-701 (Reissue 1985).

The assignments of error are not meritorious. The judgment of the district court is therefore affirmed.

AFFIRMED.