## State of Vermont v. Vanessa A. Frigault

[561 A.2d 895]

No. 87-379

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 5, 1989

*Joel Page, Lamoille County State's Attorney,* Hyde Park, and *Gary S. Kessler, Resource Attorney,* Montpelier, for Plaintiff-Appellee.

*David Polow* and *Graham Hayes Govoni, Law Clerk (On the Brief),* Hyde Park, for Defendant-Appellant.

**Morse, J.** Vanessa Frigault was tried before a jury and convicted of a third offense of driving while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). We affirm.

Defendant testified that she had taken a medication containing codeine and had consumed beer the evening of the offense and was very sleepy. During deliberations, the jury asked the court:

> Is the defendant legally responsible for the effects of a drug interaction (codeine and alcohol) if it impairs your judgment while operating a motor vehicle?

The trial judge answered with an instruction:

> If the defendant was affected solely by drugs, you must find her not guilty. If the defendant was affected to the slightest

degree by alcohol, either alone or together with some other substance, you may find her guilty.

Defendant objected to this instruction.[1]

Defendant had been charged with operating solely under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). The State had not charged defendant with the separate crime of operating "under the combined influence of alcohol and any other drug to a degree which renders [her] incapable of driving safely." 23 V.S.A. § 1201(a)(3). Defendant's argument is that the court's instruction to the jury was appropriate for an offense under § 1201(a)(3), but not for the offense charged. This is not the case. Reference in the instruction to "some other substance" notwithstanding, the instruction did not describe a § 1201(a)(3) offense. Section 1201(a)(2) is satisfied if defendant was under the influence of intoxicating liquor to the slightest degree. See *State* v. *LeBeau,* 144 Vt. 315, 318, 476 A.2d 128, 129 (1984). The burden to prove a violation of § 1201(a)(3) is more difficult. A suspect must have been under the combined influence of alcohol and any other drug "to a degree which renders [her] incapable of driving safely." In addition, expert testimony is generally required for the State to carry its burden to prove a § 1201(a)(3) offense. See *State* v. *Rifkin,* 140 Vt. 472, 477, 438 A.2d 1122, 1124-25 (1981).

The more appropriate question is whether the instruction was error under § 1201(a)(2). It must be borne in mind that the jury had already been correctly instructed on the elements of the offense. The evidence introduced by defendant apparently caused the jury to wonder if a drug interaction (alcohol and codeine) was covered by the offense charged. The court correctly concluded that the answer is yes, so long as the defendant was under the influence of alcohol to some degree. There is no error.

The defendant also argues, citing *State* v. *Rifkin,* that her motion for judgment of acquittal should have been granted because the evidence did not support a conviction for 23 V.S.A. § 1201(a)(3). In light of our disposition of defendant's first claim, this claim has no bearing on the trial here at issue. As discussed

---

[1] The State urges us to disregard defendant's claim because she did not state the nature of her objection distinctly and the grounds therefor. V.R.Cr.P. 30. The grounds for the objection could have been more explicit but it was sufficient to alert the trial court of the issue. Defense counsel said: "[T]he alcohol has to affect her. That's the sole issue. . . . Drugs can't affect her."

above, defendant was convicted of violating § 1201(a)(2), and subsection (3) never emerged as a basis of liability.[2]

*Affirmed.*

---

[2] On appeal, defendant also collaterally attacks one of her prior convictions of DUI used here to enhance the penalty. There is no indication, however, that the issue was raised below in any manner, and it is not preserved for appeal.