J-A31005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTEE LINARD MAURICE GAUSE | |
| Appellant | No. 151 MDA 2015 |

Appeal from the Judgment of Sentence December 2, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008850-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 05, 2016**

Appellant, Artee Linard Maurice Gause, appeals from the judgment of sentence entered December 2, 2014, in the Court of Common Pleas of York County, following his convictions of Driving Under the Influence ("DUI") – General Impairment, DUI – Controlled Substance, and Period for Requiring Lighted Lamps.[1] After careful review, we affirm.

The trial court summarized the facts of this case as follows.

> [O]n September 25, 2013, at around 1:20 in the morning (Notes of Testimony, 10/9/14, at 64), Officer [Erika] Eiker encountered a vehicle lacking illuminated taillights. ([*Id*.] at 65-66). During the ensuing stop, the officer asked the Appellant for his license and registration and questioned where Appellant was coming from. ([*Id*.] at 67.) The Appellant provided the

_____

Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1); 3802(d)(2); and 4302(a)(1), respectively.

requested items without any fumbling ([*id*.] at 87) and informed the officer that he was traveling from a friend's home[.] ([*Id*.] at 67). Officer Eiker smelled alcohol and the Appellant stated that he had consumed one 12 ounce can of beer. ([*Id*.] at 67.) The Appellant then completed field sobriety tests with varying levels of success. ([*Id*.] at 67-73.) On cross examination, defense counsel elicited from Officer Eiker that during the encounter she neither smelled nor saw marijuana. ([*Id*.] at 88.) Moreover, the officer testified that Appellant's speech was not slurred and that, outside of the field sobriety tests, Appellant's balance and coordination were fine. ([*Id*.] at 90). Officer Eiker went on to testify that she gives the Romberg Test when she suspects marijuana usage because she associates eyelid tremors, as in this case, with marijuana usage. ([*Id*.] at 103.) … [T]hough the Appellant submitted himself to a drug recognition evaluation, he refused chemical testing. ([*Id*.] at 73-75.)

Trial Court Opinion, 4/16/15 at 5-6.

Following a jury trial, Appellant was convicted of the aforementioned charges. The trial court merged the DUI convictions for sentencing purposes and sentenced Appellant to a term of 5 years of Intermediate Punishment, including 45 days to be served in county prison and 90 days of house arrest, and imposed a $1,500 fine, plus costs of prosecution. On the summary offense of Period for Requiring Lighted Lamps, the court imposed a $25 fine, plus the costs of prosecution. Appellant filed post-sentence motions, which the trial court denied. This timely appeal followed.

Appellant raises the following issues for our review.

1. Whether Officer Eiker's opinion testimony that body tremors and eyelid tremors are indicative of marijuana impairment should have been excluded?

2. Whether Officer Eiker should have been denied the ability to testify as to her opinion that body tremors and eyelid tremors are indicative of marijuana impairment when the trial court

ruled prior to the beginning of trial that the Commonwealth's witnesses could not render an opinion?

3. Whether Officer Eiker's and Officer George's testimony regarding eyelid and body tremors should have been excluded even if they did not render an opinion because the testimony was irrelevant without their opinion?

4. Whether there was insufficient evidence to support the [j]ury's finding of guilt on count 1, DUI, General Impairment, when Officer George testified that he had excluded alcohol as a factor of impairment?

5. Whether the verdict as to count 1 is against the weight of the evidence when Officer George had specifically excluded alcohol impairment?

6. Whether there was insufficient evidence to support the [j]ury's finding of guilt on count 2, DUI, Controlled Substance, because the Commonwealth failed to present sufficient evidence that Mr. Gause was incapable of safely operating an automobile because of drug consumption?

7. Whether the [j]ury's verdict as to count 2 is against the weight of the evidence when there was no testimony as to the drug(s) that Mr. Gause was supposedly impaired by?

Appellant's Brief at 6-7 (renumbered for ease of disposition).

Appellant first argues that the trial court committed reversible error when it permitted Officer Eiker to offer her opinion that body and eyelid tremors are indicative of marijuana impairment. *See* Appellant's Brief at 15-22. Prior to trial, Appellant filed a motion *in limine* to preclude Officer Eiker's opinion testimony regarding factors indicative of marijuana impairment. The trial court granted Appellant's motion to exclude such opinion testimony. During trial, however, the trial court *sua sponte* reversed its earlier decision and, over defense objection, permitted Officer Eiker to attribute Appellant's body and eyelid tremors to marijuana impairment. *See* N.T., Trial, 10/9/14

at 76-77; 103. Appellant argues that the opinion offered by Officer Eiker regarding his alleged marijuana impairment was beyond the purview of permissible lay witness opinion.[2] We disagree.

"[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Fransen**, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted).

Pursuant to Pennsylvania Rule of Evidence 701, **Opinion Testimony by Lay Witness**, lay witness testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. "A lay person may testify to distinct facts observed by him concerning the apparent physical condition or appearance of another." **Commonwealth v. Counterman**, 719 A.2d 284, 301 (Pa. 1998) (citation omitted).

---

[2] We note that Appellant only contests the admissibility of Officer Eiker's opinion testimony as it relates to marijuana impairment. Therefore, we restrict our analysis of the admissibility of the testimony only as it pertains to marijuana impairment, and not alcohol impairment.

This Court has long recognized that where the proper foundation is laid, lay opinion as to whether a person is under the influence of narcotics is admissible. **See Commonwealth v. Yedinak**, 676 A.2d 1217, 1221 (Pa. Super. 1996) ("Although this Court has never addressed whether lay opinion testimony is admissible to prove drug-induced intoxication, we find no basis upon which to distinguish opinion testimony of drug-induced intoxication from opinion testimony of alcohol-induced intoxication where the witness is personally familiar with the effects of narcotics."). Opinion testimony of drug-induced intoxication will not be distinguished from opinion testimony of alcohol-induced intoxication where the witness is personally familiar with the effects of narcotics. **See Commonwealth v. Davies**, 811 A.2d 600, 603 (Pa. Super. 2002).

Here, Officer Eiker was a four-year veteran of the York County Regional Police Force and had received training in DUI testing and impairment, as well as standardized field sobriety training. **See** N.T., Trial, 10/9/14 at 63. In her four years of experience, she has conducted over 200 DUI arrests. **See id**. at 64. Officer Eiker further testified that she was taught during her DUI training that eyelid and body tremors are possible indicators of marijuana usage. **See id**. at 105. Based on this training and experience, Officer Eiker opined that the Appellant's eyelid and body tremors was indicative of marijuana ingestion. We find that because Officer Eiker's opinion was rationally based on her observations and perceptions at the

scene and informed by her training and prior DUI arrests, the trial court did not err in admitting the officer's opinion testimony.

Appellant argues, and the trial court agrees, that a line of cases suggests that expert opinion is needed "in marijuana cases under subsection 3802(d)(2)." Appellant's Brief at 18. Appellant primarily relies upon this Court's decisions in ***Commonwealth v. DiPanfilo***, 993 A.2d 1262 (Pa. Super. 2010), and ***Commonwealth v. Etchison***, 916 A.2d 1169 (Pa. Super. 2007), ***aff'd***, 943 A.2d 262 (Pa. 2008). In ***DiPanfilo***, a panel of this Court relied upon this Court's prior decision in ***Etchison*** for the proposition that there is "a need for expert testimony in the area of marijuana." 993 A.2d at 1267. However, the panel clarified that expert testimony is not required in every DUI-drug case.; rather, prosecutors are permitted to introduce any form of proof or relevant evidence of a defendant's impairment. ***See id***.

Although Appellant implies otherwise, we discern nothing in those decisions that would remove the subject of marijuana use and the effects thereof from the ken of properly founded lay witness testimony or that would otherwise undermine the validity of Officer Eiker's testimony regarding her knowledge of factors indicative of marijuana impairment. Therefore, this argument fails.

Appellant next contends that the trial court erred in *sua sponte* reversing its pretrial ruling on the admissibility of Officer Eiker's opinion testimony.[3] ***See*** Appellant's Brief at 23-27. As discussed above, the trial court's decision to admit Officer Eiker's opinion testimony at trial was correct. Ergo, the pre-trial ruling prohibiting the testimony was invalid and the trial court did not err by correcting its pre-trial ruling at trial.

Appellant alternatively argues that the testimony regarding his eyelid and body tremors should have been excluded without the opinion testimony, as it was irrelevant without the opinion testimony. ***See*** Appellant's Brief at 27-31. As we have already determined that the admission of Officer Eiker's opinion testimony was proper, her observations of Appellant's eyelid and body tremors were undoubtedly relevant. Therefore, this claim also fails.

Appellant next challenges the sufficiency and weight of the evidence in support of his conviction of DUI – general impairment. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances

_____

[3] In support of his argument, Appellant erroneously cites case law pertaining to the trial court's ability to reverse its pre-trial *suppression* motion. Here, the trial court's pre-trial ruling precluded the opinion testimony; it did not suppress it.

established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Conversely, a challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Id*. at 1015-1016 (citation omitted).

Appellant was convicted of DUI – general impairment, pursuant to 75 Pa.C.S.A. § 3802(a)(1), which provides as follows.

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

- 9 -

75 Pa.C.S. § 3802(a)(1). "[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009).

Appellant concedes that he was driving, operating or in actual physical control of the movement of a vehicle. He contends, however, that the evidence was insufficient to establish that he was incapable of safely driving due to the consumption of alcohol.[4] Appellant's Brief at 35-38. In **Segida**, our Supreme Court described the types of evidence that the Commonwealth may offer to prove this element:

> Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not

---

[4] Notably, Appellant does not contend that the police did not have probable cause to arrest him under suspicion of DUI – general impairment, only that the conviction was against the sufficiency and weight of the evidence presented at trial.

necessary and the two[-]hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

985 A.2d at 879.

In his brief, Appellant argues that he "was able to react prudently to changing conditions, namely, he pulled over when the officer activated her emergency lights and he did so appropriately." Appellant's Brief at 37. Appellant further insists that he only exhibited indicators of impairment during the 'walk and turn' field sobriety test, and not during the 'one leg stand' test. *Id*. Despite Appellant's attempt to portray the evidence in a light favorable to his defense, we note that our relevant inquiry in conducting a sufficiency analysis requires that we view the evidence *in the light most favorable to the verdict winner*—the Commonwealth.

When viewed in the proper light, we find that the evidence presented at trial was sufficient to enable the factfinder to conclude that Appellant was incapable of safely driving his vehicle due to the consumption of alcohol. The totality of the circumstances and points of proof the Commonwealth offered at trial establish that Officer Eiker smelled the odor of alcohol on Appellant's breath during the traffic stop. **See** N.T., Jury Trial, 10/9/14 at

67. Based upon the officer's observation, she asked Appellant to step out of the vehicle in order to perform field sobriety tests. *See id*. Officer Eiker testified that during the walk and turn test, she is trained to look for a total of eight "clues" that indicate intoxication. *Id*. at 70. During the test, Officer Eiker observed that Appellant could not keep his balance on two separate occasions, failed to take the appropriate number of steps as instructed, did not execute a proper turn, and failed to walk heel to toe as instructed. *See id*. at 70-71. Officer Eiker testified that she observed five "clues" during Appellant's performance of the walk and turn test, and that two clues are indicative of impairment. *Id*. at 71.

Officer Eiker next instructed Appellant to perform the one-leg stand test. During this test, Officer Eiker observed that Appellant put his foot down to regain his balance when he counted to seven, and that "his whole body was shaking considerably." *Id*. at 72. Officer Eiker explained that her observations during this test amounted to one clue, and that two clues indicated impairment. *See id*. Lastly, Officer Eiker instructed Appellant to perform the Romberg Balance test, in which the driver estimates the passage of 30 seconds in his head, with his feet together and eyes closed. *Id*. at 73. Officer Eiker testified that she noted "very, very strong presence of body tremors and eyelid tremors" during the test, and that when Appellant indicated 30 seconds had passed, only 12 seconds had actually elapsed. *Id*.

For the purposes of our sufficiency analysis, it is irrelevant that Appellant arguably "passed" the one-leg stand test. It is uncontested that Officer Eiker's observations during the failed walk and turn test led her to believe that Appellant was intoxicated. "Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving." *Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003) (citation omitted). *See also Commonwealth v. Salter*, 121 A.3d 987, 995 (Pa. Super. 2015) ("Erratic driving is not a super-factor, much less one determinative of DUI."). Despite the lack of other positive indicators of intoxication such as slurred speech or erratic driving, we find that Appellant's failure of the field sobriety test, combined with the odor of alcohol on Appellant's breath, was sufficient to establish he was incapable of safe driving due to the consumption of alcohol. Thus, the evidence was more than sufficient to support Appellant's conviction of subsection 3802(a)(1).[5]

---

[5] Appellant's focus on Officer Scott George's testimony that a drug recognition evaluation is generally not conducted on a person who is impaired by alcohol, *see* Appellant's Brief at 37, is a red herring. Regardless of the officer's opinion, the uncontested facts reveal that Appellant smelled of alcohol and failed the field sobriety tests. This was sufficient to establish a finding that he was incapable of safe driving due to the consumption of alcohol. *See Smith*.

We further find that Appellant's conviction of DUI – general impairment was not against the weight of the evidence. In rejecting Appellant's weight argument, the trial court noted that

> we cannot say that the verdict was so contrary to the evidence as to shock our sense of justice. It seems clear to [this court] that the jury simply found the evidence tending towards conviction to be weightier than the evidence militating against conviction.

Trial Court Opinion, 4/16/15 at 24.

The jury clearly resolved any inconsistencies among the testimony as it saw fit and reached a verdict. *See Orie*, 88 A.3d at 1017 ("It is well settled that the jury is free to believe all, part or none of the evidence and must determine the credibility of the witnesses."). The trial judge, after observing the proceedings, determined that the jury's verdict was not against the weight of the evidence. After reviewing the record and the evidence as detailed earlier, we find no misapplication of law or abuse of discretion in that decision. Accordingly, we find no abuse of discretion in the trial court's denial of Appellant's weight of the evidence claim.

We next examine the sufficiency of the evidence to support Appellant's conviction of DUI – controlled substance under 18 Pa.C.S.A. 3802(d)(2). Subsection 3802(d) provides as follows.

> (d) Controlled substances.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to

- 14 -

safely drive, operate or be in actual physical control of the movement of the vehicle.

18 Pa.C.S. 3802(d)(2).

We have already established that Appellant drove his vehicle when he was incapable of safely driving. Therefore, we must now determine whether the evidence was sufficient to establish that Appellant's impaired ability drive safely was the result of the influence of a drug – here, marijuana. "Section 3802(d)(2) does not require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section." *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa. Super. 2008). The Commonwealth must present "evidence to support a conclusion that Appellant was under the influence of a drug or combination of drugs at the time he was stopped, such that his ability to drive was impaired." *Etchison*, 916 A.2d at 1172.

As noted, Appellant refused to submit to a chemical test of his blood. However, Appellant agreed to participate in a drug recognition evaluation and was transported to the York County Courthouse for that purpose. Officer Scott George, a drug recognition evaluator with 24 years of experience, conducted the drug recognition evaluation. Officer George testified that he has completed numerous training courses including standardized field sobriety school, Data Master breath school and has received certification in the area of drug recognition and classification by the International Association of Chiefs of Police and the National Highway Safety Administration. *See* N.T., Trial, 10/9/14 at 109.

Prior to conducting the evaluation, Officer George observed that Appellant was shaking in his chair and that his eyes were watery and glassy. *Id*. at 113-115. Officer George instructed Appellant to perform the Romberg Balance Test, during which Appellant exhibited very distinct body tremors and sustained eyelid tremors. *See id*. at 116. Appellant estimated the passage of 30 seconds in 19 seconds. *See id*. at 117. Appellant again exhibited five clues of impairment during the walk and turn test. *See id*. at 117-118. During the one leg stand test, Appellant had difficulty maintaining his balance and exhibited body tremors. *See id*. at 118.[6] During a finger to nose test, Appellant missed his nose at least once, and, contrary to the instructions, three times touched his nose with the side of his finger rather than the tip of his finger. *See id*. at 119-120. Based upon Officer George's observations during the entirety of the evaluation, he concluded that Appellant "was impaired by both a drug and the alcohol that he had in his system" such that his ability to drive was compromised. *See id*. at 120.

We find that the totality of the circumstances presented sufficient evidence to establish that Appellant was under the influence of marijuana such that his ability to drive a vehicle was impaired. Officer George opined in light of his extensive experience and training in the field of drug recognition

_____

[6] A test on the second leg was discontinued after seven seconds, when Appellant informed Officer George that he had sustained an injury to that leg. *See id*.

and classification that Appellant's extreme eyelid and body tremors and his glassy and watery eyes were indicative of marijuana usage, and the failed field sobriety tests indicated an impaired ability to drive. Viewed in the light most favorable to the Commonwealth, we are satisfied that this evidence as sufficient to support Appellant's conviction of subsection 3802(d)(2) beyond a reasonable doubt. **See Slocum**, 86 A.3d at 275 ("The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.").[7]

Lastly, we reject Appellant's claim that his conviction of subsection 3802(d)(2) was contrary to the weight of the evidence. The trial court, in rejecting Appellant's weight claim, reasoned as follows.

> The jury clearly found the Commonwealth's evidence to be credible and we cannot say that their verdict was so contrary to the evidence as to shock our sense of justice. The fatal flaw of almost any weight of the evidence challenge is that the question is not whether there is *any* evidence that contradicts the Commonwealth's narrative; but, rather, whether the evidence that does indicate a reality different from the one [the] Commonwealth has presented is of such weight that the jury *must* have gotten it wrong. The Appellant may not agree with the jury's findings, but we do not feel the verdict was inapposite to the evidence.

---

[7] Although Officer George testified that he observed on Appellant a "white powdery substance … caked on the outside of both nostrils," he did not offer an opinion identifying the substance or conduct further testing thereon. N.T., Trial, 10/9/14 at 120. Therefore, this testimony did not factor into our sufficiency analysis.

Trial Court Opinion, 4/16/15 at 23. Based on our review of the foregoing evidence, we find no abuse of the trial court's discretion in denying Appellant's weight of the evidence claim. Appellant's challenge does not merit relief.

Judgment of sentence affirmed.

Judge Platt joins in the memorandum.

Judge Lazarus files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016