Catherine Township Liquor Referendum Case.

Argued April 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR- NOLD, JJ.

*Richard S. Oyler*, for appellant.

*Harold Miller,* for appellee.

ORDER PER CURIAM, April 29, 1955:

The orders of the court below, involved in the above-noted appeals, are reversed with directions that the respective records be remanded forthwith and that the prescribed questions for referenda on the granting of retail beer and liquor licenses in Catherine Township, Blair County, be placed by the commissioners of said county, acting in their capacity as the Board of Election, on the ballots to be used in said township at the Primary to be held on May 17, 1955; the costs on these appeals to be borne by the appellee.

Opinion will be filed later.

———

OPINION BY MR. JUSTICE JONES, May 23, 1955:

These appeals are from orders of the Court of Common Pleas of Blair County directing the Commissioners of the County, acting in their capacity as the Board of Elections, to set aside petitions seeking referenda in Catherine Township, Blair County, at the May Primary (1955) on the questions of granting licenses for the sale of malt and brewed beverages and of liquor.

Being persuaded at the oral argument of the appeals that the orders entered below were in error and being aware of the urgency for a prompt decision in view of the approaching Primary, we entered an order forthwith reversing the orders appealed from and remanding the records with directions that the prescribed questions for the desired referenda be placed on the ballots to be used in Catherine Township at the Primary. We noted that an opinion would be filed later.

At the instance of objectors, the learned court below set aside the petitions for referenda on the grounds that certain of the signers had failed to designate the

street and number of their respective residences; that the circulator's affidavits to the petitions were in error as to the correctness of the residence addresses of the signers and were, therefore, invalid; and that one or more of the signers of the petitions acted under a misrepresentation as to their purpose. The objections are utterly without merit.

Section 472 of the Liquor Code of 1951, P. L. 90, 47 PS §4-472, which provides for local option in any municipality on the questions of beer or liquor licenses, prescribes, inter alia, that "Said proceedings shall be in the manner and subject to the provision of the election laws which relate to the signing, filing and adjudication of nomination petitions, insofar as such provisions are applicable." And, Section 908 of the Pennsylvania Election Code of 1937, P. L. 1333, as amended by Section 6 of the Act of March 6, 1951, P. L. 3, 25 PS §2868, provides with respect to the signing of nominating petitions that a signer "shall add his occupation and residence, giving city, borough or township, with street and number, if any . . . ." In *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635, 638, 44 A. 2d 46, Mr. Chief Justice MAXEY, speaking for this court, quoted approvingly from the opinion of the lower court in that case as follows: "The provisions of the election laws relating to the form of nomination petitions, and requiring the person circulating them to swear to certain definite things, are necessary to prevent fraud. . . . It is just as important for the petitions before us to have the names properly signed, with addresses, occupation and date of signature, and to be supported by affidavit as any petition filed in accordance with the Election Code." We reaffirm that statement unqualifiedly. But, it was not intended thereby to require in a petition elaborately detailed information as to such matters as street addresses. The usual and customary information

adequate for mailing purposes satisfies the requirement for residence addresses in a township.

In the instant case the signers of the two petitions, being the same in number and identity on both petitions, all resided in Catherine Township. Each of the signers set forth on the petition as his or her residence address "Catherine Township, Williamsburg". Of the eighty-five signers on each of the petitions, eleven included the additional residence designation of "Star Route" and three added "R.D. 1". Catherine Township is a rural, outlying area adjacent to and surrounding the Borough of Williamsburg, Blair County. The post office which serves Catherine Township is the Williamsburg office. The addresses thus shown on the petitions were adequate to the circumstances. Indeed, most of the signers, whose signatures appeared on both the beer and liquor referendum petitions, had no other address. The objectors questioned but twenty of the signatures, fourteen of which were of persons who lived in houses which could be identified by the names of streets of Williamsburg which ran over into the township, and of the fourteen, seven lived in houses which also bore numbers. But, beyond that, the objections, if valid (which they are not), are immaterial. Even discarding the twenty signatures questioned by the objectors, sixty-five unquestioned ones would still be left and only forty-nine were necessary, being twenty-five per cent of the highest vote cast for any office in Catherine Township at the last preceding general election (47 PS §4-472).

The second ground advanced by the court below for setting aside the petitions was that the affidavits of the circulator were erroneous and that the petitions were therefore invalid as lacking the required affidavits. The only falsity ascribed by the court below to the affidavits was that the affiant deposed that the

street addresses shown for the signers were correct. What we have already said with respect to the street addresses on the petitions as indicated by the signers sufficiently reveals the error of the lower court's conclusion.

The remaining reason assigned for setting aside the petitions calls for little discussion. The objectors produced one witness who testified that he had signed the petitions on the representation that they were for the circulator's nomination for the office of judge of elections. Both the circulator and the man accompanying him denied that any such misrepresentation had been made. Moreover, the objectors failed to call the witness's wife, who was present when he signed the petitions, to corroborate him. Another of the signers testified that he thought the petitions were for the purpose of continuing beer and liquor licenses in Catherine Township, but he conceded that his mistake was due to his own assumption and not to any misrepresentation. Certainly no impeachment of the petitions could be predicated of such testimony and, in any event, both of the disputed signatures were unnecessary to the validity of the petitions.

The final order heretofore entered on the above appeals is confirmed.