516 A.2d 1276

In Re: The Nomination Petition of Pete Wagner for the Office of Representative in the General Assembly, Pennsylvania District 22.

Heard March 31, 1986, by Judge PALLADINO.

*William Martin Sloane,* for petitioner.

*Jeannine Turgeon,* with her, *Michael Q. Davis, Campbell, Spitzer, Davis & Turgeon,* for respondent.

OPINION BY JUDGE PALLADINO, April 2, 1986:

Before us is the petition of Steve Seventy (Petitioner) to set aside the nomination papers of Pete Wagner (Candidate), candidate for the office of Representative to the General Assembly from the 22nd Legislative District.

The total number of signatures on the nomination papers is 352. To be valid, the nominating papers must contain 300 valid signatures of registered and enrolled members of the proper party. Section 912.1(14) of the Election Code.[1] In this case the proper party is Demo-

---

[1] Act of June 3, 1937, P.L. 1333, added by Act of December 12, 1984, P.L. 968, 25 P.S. §2872.1(14).

cratic. In order to set aside the nomination papers, Petitioner has the burden of proving that 53 of the signatures are invalid. Petitioner, in his original petition to set aside, challenged a total of 81 signatures.[2] The table which follows shows the categories of the challenges and the number of signatures challenged in each category.

| Category | # of Signatures |
|---|---|
| Signers Not Registered | 70 |
| Ditto Marks | 4 |
| No Date | 1 |
| Signed in Same Handwriting | 6 |

Petitioner presented the testimony of James E. Scanlon, Director of Elections of Allegheny County, and of Petitioner himself. Candidate testified on his own behalf. At the close of Candidate's case, he moved to amend several of the signatures, and to allow the inclusion of certain signatures as valid despite incorrect addresses. The Court grants these motions.[3]

---

[2] Petitioner moved to file an amended petition to set aside, challenging more signatures than in his original petition. This Court denied the motion on March 27, 1986, because the challenge to new signatures was beyond the seven-day period set forth in Section 977 of the Election Code, 25 P.S. §2937, and because Candidate would not have had the opportunity to prepare a defense to the new challenges.

[3] The following amendments are allowed, based upon the testimony of Candidate:

a. Page 5, Lines 40, 42, 43 and 44 are each amended to show a date of March 5, 1986 in place of ditto marks;

b. Page 9, Line 13 is amended to read Catherine in place of Kay;

c. Page 3, Line 9 is amended to read Gertrude A. in place of Sally;

d. Page 13, Line 16 is amended to read Bertram in place of Bert; and

e. Page 7, Line 26 is amended to read Crosby Street in place of Pauline Street.

Based on these amendments and the testimony presented, this Court finds a total of thirty-one (31) signatures to be invalid. Of the signatures challenged because the signator was not registered, we find a total of twenty-seven (27) signatures to be invalid for this reason. We invalidate four additional signatures, one of which is a duplicate, one of which has no date and was not amended, one of which was a registered Republican, and one of which was not a resident of the District. The page and line numbers of the invalidated signatures are set forth in the footnotes to this opinion.[4]

The following signatures are found to be valid although the signator has moved, because he or she is still a resident of the district:

Page 2, Lines 13
     2, Lines 14
Page 4, Lines 5
     4, Lines 9
Page 13, Lines 6
              8
              19

[4] The following signatures are invalid because the signator was not registered:

| | |
|---|---|
| Page 1, Line 8 | Page 9, Line 19 |
| Page 2, Line 8 | Line 27 |
| Line 12 | Page 10, Line 17 |
| Page 4, Line 16 | Page 11, Line 21 |
| Page 5, Line 11 | Line 27 |
| Line 12 | Page 13, Line 4 |
| Line 23 | Line 5 |
| Page 6, Line 19 | Line 9 |
| Page 7, Line 3 | Line 11 |
| Line 4 | Line 12 |
| Line 14 | Line 20 |
| Line 17 | Line 22 |
| Line 28 | Line 23 |
| | Line 29 |

The following signature is invalid because the signator is not a resident of the District:
Page 13, Line 34

We find that the challenge to signatures purportedly in the same handwriting must fail for insufficient proof. Candidate testified that, for the challenged signatures on page six, lines 11 and 12, he compared the signatures on the petition to those on the registration cards and found them to be proper. We find Candidate's testimony to be credible. As to the other challenged signatures on page 10, lines 2 through 7, Mr. Scanlon testified that in his opinion the signatures were all made by the same hand. Although the Court notes some similarity in the handwriting, we are not persuaded by Mr. Scanlon's testimony alone that each individual did not sign his or her own name. None of the registration cards for the challenged signatures was offered for comparison. Because we are not convinced the signatures are invalid, they will not be stricken.

Although 31 of the signatures on Candidate's nominating papers are invalid, there remain 321 valid signatures. Because Petitioner has not presented sufficient evidence to set aside the nomination papers, we dismiss Petitioner's petition to set aside nominating papers of Pete Wagner.

## ORDER

AND NOW, April 2, 1986, the petition of Steve Seventy to set aside the nominating papers of Pete Wagner for the office of Representative in the General Assembly for the 22nd Legislative District is denied. The Secretary of the Commonwealth is directed to certify the name of Pete Wagner for inclusion on the ballot of the Democratic Party at the 1986 Primary Election.

Costs to be paid by Petitioner.

---

The following signature is invalid because it is a duplicate: Page 10, Line 27

The following signature is invalid because it contains no date: Page 1, Line 1

The following signature is invalid because the signator is registered Republican: Page 13, Line 7.