640 A.2d 1247

**In re NOMINATION PETITION OF Dennis WESLEY, Candidate for United States Congress in the 1st Congressional District at the May 10, 1994 Democratic Primary Election.**

**Dennis Wesley, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 8, 1994.

Decided April 21, 1994.

Scott E. Miller, Paoli, for D. Wesley.

Julian F. Senter, Robert T. Vance, Jr., Philadelphia, for H. Clark.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Dennis Wesley ("Wesley"), appeals from the Order of the Commonwealth Court which set aside his Nomination Petition as a candidate for the United States Congress in the 1st congressional district at the May 10, 1994, Democratic primary election. This Court has exclusive jurisdiction of this matter pursuant to 42 Pa.C.S. § 723(a) which provides for a direct appeal from a final order of the Commonwealth Court in any matter commenced in that court.

On March 1, 1994, Wesley filed a Nomination Petition with the Secretary of the Commonwealth which allegedly contained 1,491 valid signatures of registered and enrolled electors of the Democratic party residing in the 1st United States con-

gressional district.[1]  Harvey E. Clark ("Clark"), a competing candidate for the office of United States Congressman in the 1st congressional district, filed objections to Wesley's petition contending that 626 of the signatures contained in the petition were invalid.[2]  The focus of Clark's objections were directed toward the voter registration status of Salim Azim (a/k/a Dennis Hinton), one of the circulators of Wesley's Nomination Petition.  Clark alleged that Azim, who collected 626 signatures, was not a registered and enrolled member of the Democratic party nor a resident of the 1st congressional district, as required by 25 P.S. § 2869, at the time he executed the circulator's affidavits on February 28, 1994.  Clark therefore argued that Wesley should not be certified as a candidate because his Nomination Petition did not contain the one thousand valid signatures required by the Election Code.

A hearing on this matter was held on March 21, 1994, in the Commonwealth Court.  Following the hearing, the court concluded that Salim Azim was not a qualified elector and therefore the 626 signatures contained in the petitions circulated by Azim were not valid.  *In Re: Nomination Petition of Dennis Wesley*, No. 106 M.D.1994, slip op. at 4 (Commw.Ct. filed March 22, 1994).  Accordingly, an Order was issued which set aside the Nomination Petition of Dennis Wesley because it contained only 865 signatures, 135 short of the one thousand signatures needed.[3]

In determining that Azim was not a qualified elector, the court first observed that Salim Azim was the name taken by Dennis Hinton for religious reasons.  *Id.* at 2.  The court noted that when Salim Azim used the name Dennis Hinton in

1.  In order to be eligible as a candidate in a congressional primary, a nominee must submit a petition that contains one thousand valid signatures of registered and enrolled members of the proper party.  25 P.S. § 2872.1(12).

2.  Clark also separately alleged that an additional 286 signatures were invalid because the signers resided outside the 1st congressional district.  However, due to a procedural defect, the Commonwealth Court ruled that portion of Clark's objections stricken.  Because the validity of the Commonwealth Court's ruling on those 286 signatures has not been raised on appeal, we will not address that issue.

3.  *See* footnote 1, *supra*.

1991, he was registered to vote at 600 Church Lane, Apartment 8–D. *Id.* Although Azim claimed to have voted under that registration, the court found that the official voting card had no evidence that he ever voted under that registration. *Id.* The court additionally found that Salim Azim registered to vote as a "new voter" on March 2, 1994. *Id.*

At the hearing below, Clark argued to the Commonwealth Court that the petitions circulated under the name Salim Azim were invalid because Azim was not registered to vote on February 28, 1994, the date when Wesley's Nomination Petition was filed. Wesley responded by asserting that the petitions circulated by Azim were valid because Azim was registered to vote under his previous name, Dennis Hinton. Clark countered by contending that, even if Azim was registered under the name Hinton, the petitions were circulated under the name Azim, not the registered name, Hinton. Thus, the Commonwealth Court was left to resolve two issues concerning the validity of Wesley's Nomination Petition.

The first issue addressed by the Commonwealth Court was whether a person registered under one name could circulate a nomination petition under a different name. The court looked to the language of the Election Code which provides, in pertinent part:

> Each sheet [of the nomination petition] shall have appended thereto the affidavit of the circulator of each sheet, setting forth—(a) that *he or she is a qualified elector duly registered and enrolled as a member of the designated party of the State, or of the political district, as the case may be, referred to in said petition....*

25 P.S. § 2869 (emphasis added). The court noted that when Azim filed his registration in 1991, he held himself out to the election authorities as Dennis Hinton. *In Re: Nomination Petition of Dennis Wesley,* slip op. at 4. Therefore, the Commonwealth Court determined that all matters pertaining to the Election Code had to be done in the name Dennis Hinton prior to the time that Azim informed the Election Department of his new name. *Id.* Accordingly, the court concluded that, even if he was a qualified elector under the

name Dennis Hinton, Azim was required to certify the petition he circulated under the name for which he was registered as an elector. *Id.* As a result, the petition circulated by Azim was declared invalid by the Commonwealth Court thereby leaving Wesley's Nomination Petition 135 signatures short of the one thousand required by the Election Code. *Id.*

The second issue considered by the Commonwealth Court was whether Azim was registered as Dennis Hinton when he circulated the Nomination Petition. The court observed that, notwithstanding the fact that the circulator of the petitions was registered under a different name, there was no valid registration for either Dennis Hinton or Salim Azim on February 28, 1994, the date that the petition was filed. *Id.* at 5. Because only registered members of the relevant electorial district can be circulators of nominating petitions, the court concluded that Azim, under either name, was not a registered voter and therefore the petitions circulated by him were invalid. *Id.*

On appeal to this Court, Wesley again submits that Azim was a qualified elector who meets the requirements set forth in the Election Code at the time that his Nomination Petition was filed. In support of this position, Wesley points to portions of the record where Azim testified that he completed a voter registration in September, 1991, and another in February, 1994. Wesley further argues that fraud on the part of the circulator was neither alleged nor shown in connection with Azim's name change. We find these assertions to be without merit.

We note that in reviewing an election matter, we are mindful of our holding in *Ross Nomination Petition,* 411 Pa. 45, 190 A.2d 719 (1963), which mandates that the Election Code be liberally construed so as not to deprive an individual of his right to run for office or the voters of their right to elect the candidate of their choice. In this case, we must decide whether the Commonwealth Court correctly determined that Salim Azim did not meet the criteria necessary to be the circulator of a nomination petition as required by 25 P.S. § 2869.

Our examination of the record satisfies us that there is substantial evidence to support the finding of the lower court that Salim Azim was not registered to vote at the time that he filed Wesley's Nomination Petition. The record indicates that Azim's voter registration was received by the Philadelphia City Commissioners' Office on March 2, 1994.[4] Record at 88a. It further shows that Azim himself marked on the registration that this was a "new registration." Record at 85a, 87a. Moreover, testimony was given at the hearing below by Mark Menkevich, an election registration clerk employed by the City Commissioners' Office in Philadelphia County, who confirmed by his records that Azim registered to vote on March 2, 1994. Record at 25a. Clearly, there is ample evidence to support the finding of the Commonwealth Court that "Salim Azim," the name that appeared as circulator, was not registered to vote until three days after he certified the petitions he circulated.

In addition, the finding that "Dennis Hinton" was not a registered voter is equally supported by the record. The record shows that Dennis Hinton registered to vote on October 7, 1991. Record at 86a. The address listed for that registration was 600 E. Church Lane, Apt 8–D. *Id.* Azim testified that he lived at 600 E. Church Lane, Apt 8–D, when he completed that registration under the name Dennis Hinton. Record at 43a–44a. He further testified that he lived at, and registered under, the address 5230 Pulaski when he submitted his February, 1994, voter registration.[5] Record at 54a. Azim also stated that he moved from 600 East Church Lane to 5230 Pulaski approximately one and one-half to two years ago. Record at 54a–55a.

4. At the hearing below, Azim testified that he sent two voter registration forms in the name "Salim Azim." Record at 45a, 52a. One was allegedly sent prior to the time that he began circulating Wesley's Nomination Petition and the other during the time that he circulated the petitions in question. *Id.* He further testified that he never received any indication from the registration commission that his first registration form was ever received or processed. Record at 46a, 52a. No further evidence was introduced concerning this first registration.

5. This is the registration form received by the Philadelphia City Commissioners' Office on March 2, 1994.

At the time that a person registers as an elector, he must specifically set forth, under penalty of perjury, information pertaining to his place of residence. The registration process requires that the applicant indicate the street and number of his residence; the location or number of the room, apartment, flat, or floor that he occupies if his residence is a portion only of the house; and the length of his residence in the State or district. 25 P.S. § 623–20(c)(4)–(6); *see also* 25 P.S. § 623–20.3(b)(4)–(7). Moreover, the Election Code provides that the registration commission shall send inspectors to conduct street canvasses in order to verify the residence of those registered. 25 P.S. § 623–20.4(f). Clearly, this inspection is intended to maintain the integrity of the election process by insuring that the qualified elector actually resides at the address listed on his voter registration. Absent extraordinary circumstances, a removal notice is required to be filed whenever a qualified elector changes his residence so that his new address comports with the sworn information maintained by the registration commission. *See* 25 P.S. §§ 623–21, –24, –28, –29. Accordingly, the Commonwealth Court correctly concluded that Azim's voter registration terminated as a result of his failure to file a removal notice indicating his change of residence.

A circulator of a nomination petition must be a duly registered member of the relevant political district. 25 P.S. § 2869; *In re: Nomination Petition of McDermott,* 60 Pa. Commw. 486, 431 A.2d 1180 (1981). Furthermore, the failure of a circulator to be a qualified elector is a fatal defect to those petitions filed by that circulator. *Id.* We therefore conclude that the Commonwealth Court correctly set aside the Nomination Petition of Dennis Wesley.

The Order of the Commonwealth Court is affirmed.

Mr. Justice CASTILLE did not participate in the consideration or decision of this case.

Mr. Justice MONTEMURO is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94

616

R1800, due to the unavailability of Mr. Justice LARSEN, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.