**In Re: The Nomination Papers of Thomas C. CREIGHTON as Candidate for State Representative in the 37th Legislative District.**

**Mary Jane Balmer and Ronald C. Newswagner, Petitioners.**

Commonwealth Court of Pennsylvania.

Heard March 27, 2006.
Decided April 7, 2006.
Publication Ordered May 22, 2006.

Lawrence M. Otter, Doylestown, for petitioner.

Lindsey M. Glah and Lawrence J. Tabas, Philadelphia, for respondent.

OPINION BY Judge LEAVITT.

Before this Court is a petition filed by Mary Jane Balmer and Ronald C. Newswagner (Objectors) to set aside the nomination petition of Representative Thomas C. Creighton as a candidate in the Republican Party's primary election for State Representative for the 37th Legislative District. Objectors assert that this nomination petition is fatally defective because a mailing address, as opposed to the place of residence, was used by some of those signing the petition. Because this Court

holds that it was not error to use a mailing address, the Court dismisses Objectors' petition in its entirety.

Representative Creighton (Candidate) filed his nomination petition on March 7, 2006, with the Bureau of Elections, pursuant to Section 912.1(14) of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended.*[1] To appear as a candidate on the 2006 primary election ballot, Candidate must have at least 300 valid signatures from registered and enrolled members of the Republican Party. His nomination petition contains 415 signatures *included among its 16* pages.

On March 14, 2006, Objectors filed their petition to set aside Candidate's nomination petition, raising a number of different legal challenges to Candidate's nomination petition. At the hearing on March 27, 2006, Objectors withdrew all challenges except two. Objectors now assert that 121 signatures must be stricken because the municipality identified by the elector in the box on the nomination petition calling for "City, Boro or Twp" does not match the elector's place of residence. They also assert that 331 signatures on pages 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 15, and 16 of the nomination petition must be stricken because Candidate, the circulator of those petition pages, listed his mailing address rather than his township of residence on the circulator affidavits.

At the hearing, the parties stipulated as follows:

(1) 121 electors list their mailing address rather than their city, borough or township of residence;

(2) There are no challenges to the 121 signatures other than the challenge

1. Section 912.1(14) was added by Section 2 of the Act of December 12, 1984, P.L. 968, 25 P.S. § 2872.1(14).

based on electors writing their mailing addresses rather than their city, borough or township of residence. Stated otherwise, the street name and number for each of the 121 electors is accurately set forth;

(3) The 121 electors who listed their mailing addresses live within the 37th District;

(4) The 37th District consists of the townships of Clay, East Cocalico, Elizabeth, Mount Joy, Penn, Rapho, and West Cocalico, and the boroughs of Adamstown (Lancaster County portion), Denver, and Manheim; and

(5) Only Adamstown is split between two house districts, with the remaining townships and boroughs placed 100% within the 37th District.

Hearing, March 27, 2006.

Mary Stehman, Chief Registrar of the Lancaster County Voter Registration Office, testified at the hearing. Candidate presented into evidence the SURE version of the voter registration cards of the 121 electors whose signatures were challenged because they wrote their mailing addresses on the nomination petition. Ms. Stehman testified about the SURE card for one of those electors, Harold Gruber, who signed page 1, line 3 of the nomination petition. Mr. Gruber wrote "Denver," his mailing address, in the box calling for "City, Boro or Twp," which is listed under the heading, "Place of Residence."[2] As to the SURE card, Ms. Stehman stated that it has no box on it for "township" or "borough." Instead, the card has one box with the word "City" for the mailing address. The SURE card does not instruct the registrant to identify his city, borough or township of residence rather than the "city" used by the United States Postal Service. The computer system, using the elector's mailing address information on the voter registration card, automatically assigns the city, borough or township of residence to the elector.

Candidate testified with regard to his signature as circulator on the nomination petition. Candidate signed the petitions as a circulator listing his mailing address rather than his "City, Borough or Twp." However, he stated that he does live at that mailing address and that it is located in Rapho Township. Objectors conceded that Candidate does live at the mailing address listed.

■■■ We begin our analysis with a review of the principles applicable in a challenge to a nomination petition. The Election Code is to be liberally construed so as not to deprive an individual of the right to run for office or the voters of their right to elect a candidate of their choice. *In re Nomination Petition of Wesley*, 536 Pa. 609, 640 A.2d 1247 (1994); *Nomination Petition of Ross*, 411 Pa. 45, 190 A.2d 719 (1963). It is equally well-settled that a party alleging defects in a nominating petition has the burden of proving such. *In re Johnson*, 509 Pa. 347, 502 A.2d 142 (1985); *In re Wagner*, 102 Pa.Cmwlth. 174, 516 A.2d 1276 (1986). In other words, there is a presumption that the signatures on a petition are valid. *In re Williams*, 155 Pa.Cmwlth. 494, 625 A.2d 1279 (1993). The decision whether to permit a curative amendment to a nominating petition is committed to the sound discretion of the court. Section 977 of the Election Code, 25 P.S. § 2937; *In re Nomination Petition of Brown*, 846 A.2d 783 (Pa.Cmwlth. 2004). However, to warrant an amendment to the nominating petition, the objector must identify a "material error" in the petition. 25 P.S. § 2937.

■■■ The challenges presented by Objectors relate to one legal issue, and that is whether the identity of one's mailing ad-

---

**2.** Ms. Stehman testified that all of the SURE cards for the other 120 electors were similar.

dress on a nomination petition complies with the Election Code. Section 908 of the Election Code, 25 P.S. § 2868, like other provisions of the Election Code relating to the form of nomination petitions, was enacted to protect against fraud in the election process. *In re Catherine Township, Blair County, Retail Liquor Referendum,* 382 Pa. 291, 114 A.2d 145 (1955). The purpose of putting an address on a nomination petition is to allow citizens inclined to research to be able to find a signer's registration card and compare the signature on the petition to that on the registration card. A defect in any part of the elector's address as presented on a nomination petition was, historically, not considered a material defect. In *In re Catherine Township,* our Supreme Court held that an elector's mailing address was appropriate because

> [i]t was not intended [by the Election Code] to require in a petition elaborately detailed information as to such matters as street addresses. The usual and customary information adequate for mailing purposes satisfies the requirement for residence addresses in a township.

*Id.* at 293–94, 114 A.2d at 147. This logic was followed in *Wolfe v. Switaj,* 106 Pa. Cmwlth. 1, 525 A.2d 825 (1985), where an objector challenged signatures because electors had identified their mailing address rather than their designated boroughs or townships. In holding that the mailing address was sufficient, this Court stated:

> With respect to the other allegations that electors ... did not properly indicate their boroughs or townships, it is our view that a mailing address ... not identical to that appearing on the registration card is not improper and hence does not require amendment *absent an allegation that the elector ... does not*

*in fact live at the noted address.* No such allegation has been made here. Thus, no amendment is necessary.

*Id.* at 827 (emphasis in original).

More recently, however, our Supreme Court has tightened the standard for the address portion of a nomination petition. *See In re Nader,* 580 Pa. 22, 858 A.2d 1167 (2004), and *In Re: Nomination of Flaherty,* 564 Pa. 671, 770 A.2d 327 (2001). Under *Nader* and *Flaherty,* absent extraordinary circumstances, Section 908 of the Election Code requires that the elector's address must conform with the elector's address as it appears on the voting registration card. Neither *Nader* nor *Flaherty* dealt with the specific issue here of whether an elector's signature should be stricken when the elector uses his or her mailing address rather than the municipality in which he or she resides.

■ Whether a mailing address is a defect at all depends on what the Election Code requires. Section 704 of the Election Code, 25 P.S. § 2814, sets forth the rules for determining an elector's residence. It provides that a person desiring to register to vote must do so for that place where the person's habitation is fixed, and to which, whenever he or she is absent, he or she has the intention of returning. 25 P.S. § 2814(a). The term "election district" is defined in the Election Code as "a district, division or precinct, established in accordance with the provisions of this act, within which all qualified electors vote at one polling place." Section 102 of the Election Code, 25 P.S. § 2602.

In addition, Section 1102 of what is commonly referred to as the Pennsylvania Voter Registration Act, 25 Pa.C.S. § 1102, identifies information that must appear on a voter registration card. It requires, *inter alia,* the "ward and election district of residence" and the "registrant's street address." [3] 25 Pa.C.S. § 1102. This Court

---

**3.** It is undisputed that the voter registration card listed the elector's name, the street ad-

dress, the mailing address (in Gruber's case,

construes "street address" to signify the voter's mailing address. The record shows that the elector's mailing address and the elector's election district are both included on the elector's voter registration card. Accordingly, when an elector signs a nomination petition, the elector may use either his or her mailing address or the municipality of the elector's election district in the space on the petition marked "City, Boro or Twp." This is consistent, also, with our Supreme Court's holding in *Flaherty* and *Nader* that the address used on a nomination petition must match the address shown on the voter registration card.[4]

Objectors do not claim that any of the signatures in question are unauthentic; that the street address is inaccurate; that any of the signers live at an address other than the one listed; or that they are not duly registered voters or electors in the 37th Legislative District. As a result, the separate challenges to the 121 signatures and to the 331 signatures fail. Because Candidate has more than the statutorily required 300 valid signatures, the Court dismisses Objectors' Petition to Set Aside the Candidate's Nomination Petition.[5]

### ORDER

AND NOW, this 22nd day of May, 2006, it is hereby ORDERED that the above-captioned opinion filed April 7, 2006, shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.

---

"Denver") and the municipality in which the person lived.

4. Where the mailing address is correct, a citizen will be able to research whether the elector's signature on a nomination petition matches that on the voter registration card. *In re Catherine Township,* 382 Pa. at 293, 114 A.2d at 147.

5. Even if the use of a mailing address was a material defect, the Court would have permitted amendment to the nominating petition in accordance with Section 977 of the Election Code, 25 P.S. § 2937 ("If the objections relate to material errors or defects *apparent on the face of the nomination petition* or paper, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.") (emphasis added). "Denver," for example, is a township in the election district. If using a "Denver" address was a defect, it was apparent on the face of the nomination petition.