J-A27031-24

2024 PA Super 317

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEREMY TODD BRASHEAR | : | |
| | : | |
| Appellant | : | No. 429 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 28, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000661-2020

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

OPINION BY KUNSELMAN, J.:                    **FILED: DECEMBER 31, 2024**

Jeremy Todd Brashear appeals from the judgment of sentence, imposing nine to 18 months of time served, after a jury convicted him of not registering his "residence," pursuant to Subchapter I of the Sex Offender Registration and Notification Act ("SORNA").[1]  Because Brashear provided his "residence" as a matter of law, we vacate the conviction.

On April 15, 2014, the United States District Court for the Middle District of Pennsylvania convicted Brashear of possessing child pornography, which

_____

[1] **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.  On February 21, 2018, in the wake of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (barring *ex post facto* application of SORNA's registration requirements), the General Assembly divided SORNA into Subchapters H and I.  Subchapter H, 42 Pa.C.S.A §§ 9799.10-9799.42, covers individuals to whom **Muniz** does not apply, because they committed their offense after December 20, 2012, when SORNA went into effect.  "Subchapter I, an entirely new subchapter, was applied to sexual offenders who committed their offenses prior to December 20, 2012, and whose registration obligations were potentially affected by **Muniz**." **Commonwealth v. Torsilieri**, 316 A.3d 77, 81 (Pa. 2024).  Brashear's underlying offense occurred in December of 2010.  **See United States v. Brashear**, No. 4:11-CR-0062, 2012 WL 4867402 (M.D. Pa. 2012).  As such, his SORNA-registration requirements are in Subchapter I.

subjected him to ten years of SORNA registration with the Pennsylvania State Police ("PSP"). At his November 2019 registration, Brashear provided various information in response to a corrections officer's questions. The corrections officer typed Brashear's responses into the PSP Form for SORNA registrants.

Block 53 of the PSP Form was headed "Street address 1," while Block 54 was headed "Street Address 2-Include Apartment/Room #." Trial Court Opinion, 6/12/24, at 2. In Block 53, the corrections officer entered "19 S 4th Street," and, in Block 54, he entered "Harrisburg." *Id.* The officer did not enter an apartment or room number, because Brashear did not provide one. Brashear received a copy of the Form, had an opportunity to make any changes, and signed the Form to signify his agreement with the entered information.

Brashear's PSP Form made its way to a detective in the Harrisburg Police Department. She immediately recognized 19 S 4th Street as a hotel known as The Alva, which has "at least 27 rooms in that building." *See* N.T., 8/16/23, at 83. In the detective's opinion, a registrant may report that he "live[s] at The Alva, that's fine, but your room number has to be on [the PSP Form] as well, so that people are aware of what room you're living in." *Id.* at 84.

The detective went to The Alva to investigate Brashear's whereabouts. She met with the hotel's owner who informed her that Brashear was in Room 109. The detective went to Room 109, found Brashear, and told him that "he was technically out of compliance with [SORNA], because he never listed a room number." *Id.* at 85. She allowed Brashear a week to return to the

registration center to update his PSP Form. Brashear neglected to do so, and on January 10, 2020, the detective arrested him for violating 18 Pa.C.S.A. § 4915.1(a)(2).

Two-and-a-half years later, on the morning before the jury trial, the Commonwealth realized that the detective had mistakenly charged Brashear under 18 Pa.C.S.A. § 4915.1(a)(2). The prosecutor moved to amend the charge to an alleged violation of 18 Pa.C.S.A. § 4915.2(a)(2). The parties agreed that Section 4915.1 governs Subchapter H registrants, while Section 4915.2 governs Subchapter I registrants. Brashear conceded that "he's a Subchapter I registrant," and the trial court granted the motion to amend the information. N.T., 8/16/23, at 5.

Members of law enforcement testified for the Commonwealth. At the close of its case-in-chief, Brashear moved for judgment of acquittal, because he was "required to update a 'residence,' not an apartment number." *Id.* at 97. "If the legislature wished for the specific address to be the thing a registrant must register, they would specify that." *Id.*

Noting that this was a case of first impression under Subchapter I, the trial court denied the motion. It opined, "in the absence of specific case law that would negate an apartment number or a room number from being factually compliant with the statute, I'm not inclined to grant" judgment of acquittal. *Id.* at 110. In the court's view, "it's up to the jury to decide [if Brashear] knowingly failed to register pursuant to that" statutory provision. *Id.* But the trial court acknowledged, "this case has a lot of potential to clarify

- 3 -

that legal issue on whether or not the General Assembly was diligent in setting a clear-cut definition for what 'residence' is in the statute." *Id.* at 110-111. Finding ambiguity in "the fact that 'residence' can be interpreted differently – I don't have a case to the contrary – and the fact that the [PSP Forms] themselves provide for an apartment number and a room number, and in this case factually that was communicated to [Brashear] prior to him being charged, I think the matter is in front of the jury." *Id.* at 111.

The jury convicted Brashear of failing to register pursuant to Subchapter I of SORNA, and the trial court sentenced him as described above. This timely appeal followed.

Brashear asks, "Whether the Commonwealth produced insufficient evidence that [he] failed to register when [he] provided the address of his general housing location [but not] the specific room number?" Brashear's Brief at 4.

A challenge to the legal sufficiency of the Commonwealth's evidence "presents a question of law, for which our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Peters**, 320 A.3d 1231, 1236 (Pa. Super. 2024). This Court views "the record in the light most favorable to the [Commonwealth], giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Id.* "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.*

Brashear argues, as he did in his motion for judgment of acquittal, that the term "residence" in SORNA and 18 Pa.C.S.A. § 4915.2(a)(2) is clear and unambiguous, and it is not synonymous with one's full mailing "address." He claims that, if the legislature had used the word "address" in Subchapter I and Section 4915.2(a)(2), then that word would have required him to provide his room number at registration, but the word "residence" did not demand the same level of specificity that "address" would have. Moreover, if there is any ambiguity in "residence," then Brashear relies upon the rule of lenity. He suggests that, under that doctrine of statutory construction, this Court must resolve any ambiguity in this criminal statute in his favor and strictly construe it against the Commonwealth.

In response, the Commonwealth presents a meandering argument that largely disregards the statutory text. It contends that "one can divine that 'residence' is the term that imposes the requirement for [Brashear] to provide his complete address." Commonwealth's Brief at 10. Although the legislature wrote "residence," the Commonwealth believes it actually meant "complete address." In the Commonwealth's view, providing the street address without a room number implied that Brashear resided in the entire hotel. Thus, it asserts that he knowingly failed to provide his specific "residence" therein.

To support its claim, the Commonwealth initially points to the PSP "Form which stated [Brashear] was required to input both the street address and the apartment/room number in order to verify his complete address . . . ." *Id.* at

11.  It also relies on the United States Post Office.[2]  *See id.* at 14.  In addition, the Commonwealth cites two cases from the Commonwealth Court regarding the Election Code and the Zoning Ordinance of New Hope Borough, respectively.  *See id.* at 15, 19 (citing *In re Nomination Papers of Creighton*, 899 A.2d 1166 (Pa. Cmwlth. 2006), and *Eichlin v. Zoning Hearing Board of New Hope Borough*, 671 A.2d 1173 (Pa. Cmwlth. 1996)).  Furthermore, the Commonwealth claims that, in *Commonwealth v. Wilgus*, 40 A.3d 1201 (Pa. 2012), the Supreme Court of Pennsylvania "concluded that residence and address are used interchangeably in" a pre-SORNA statute, known as Megan's Law II.  *Id.* at 15-16.

Finally, the Commonwealth makes a policy argument.  It claims that, when a SORNA registrant resides in an apartment building or hotel, "there is no way that anyone could find [a registrant's] room without having to inquire further, which defeats the purposes of the statute in being able to easily find out where the individual resides."  *Id.* at 18.  "Policy demands that . . . SORNA registrants must be easily found if the need arises and without a room or apartment number being included this cannot be accomplished."  *Id.*  The Commonwealth's contentions disregard the plain language of SORNA and are, therefore, not determinative.

_____

[2] Specifically, the Commonwealth references the Post Office's website on "How to Send a Letter or Postcard," available at https://usps.com/ship/letters.htm (last visited 11/19/23) (instructing citizens to address envelopes with "the following on separate lines:  [(1)] Recipient's full name or company name, [(2)] Apartment or suite number, [(3)] Full street address, [and [(4)] City, State, and ZIP+4 Code.").

The salient facts of this case are undisputed. Brashear was required to register his "residence" under Subchapter I of SORNA. He identified the place where he resided by its street address but did not provide his room number within that building. Thus, the question is one of statutory interpretation: did the General Assembly require Subchapter I registrants to provide apartment or room numbers when they verify their residence?

"As this case requires us to engage in statutory interpretation, we are mindful of our paramount objective to give effect to the intent of our General Assembly in enacting the particular statute under review." ***Commonwealth v. Jacobs***, 39 A.3d 977, 982 (Pa. 2012) (citing 1 Pa.C.S.A. § 1921(a)). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.S.C.A. § 1921(b).

As mentioned, the arresting detective originally charged Brashear with failure to register under 18 Pa.C.S.A. § 4915.1(a)(2). But, because Brashear is a Subchapter I registrant, the Commonwealth had to amend the information to charge him under 18 Pa.C.S.A. § 4915.2(a)(2). The difference between those two sections controls the outcome of this case.

In Section 4915.1 (*i.e.*, the statute under which Brashear was originally and erroneously charged), the legislature commanded, "An individual who is subject to registration under [Subchapter H of SORNA] commits an offense if he knowingly fails to . . . (2) verify his ***address*** . . . ." 18 Pa.C.S.A § 4915.1(a)(2) (emphasis added). By contrast, in Section 4915.2 (*i.e.*, the

- 7 -

statute under Bashear was convicted), the legislature commanded, "An individual who is subject to registration under [Subchapter I of SORNA] commits an offense if the individual knowingly fails to . . . (2) verify the individual's **residence** . . . ." 18 Pa.C.S.A. § 4915.2(a)(2) (emphasis added).

The Supreme Court has long held that "A statute must be construed, if possible, to give effect to all of its provisions. It is presumed that every word, sentence, or provision of a statute is intended for some purpose and accordingly must be given effect." ***Commonwealth v. Lobiondo***, 462 A.2d 662, 664 (Pa. 1983) (some punctuation omitted). "Thus, when the legislature uses two different words, we must . . . presume that it must have meant for the words to have separate meanings." ***Commonwealth v. Elliott***, 50 A.3d 1284, 1290 (Pa. 2012) (some punctuation).

In drafting Sections 4915.1(a)(2) and 4915.2(a)(2), the legislature used two different words; it used "address" in the former and "residence" in the latter. The Commonwealth would have us interpret the word "residence" to mean "complete address." If we adopted that interpretation, the distinction that the General Assembly intended by using the word "address" in one section and "residence" in another section would be negated.[3] The Commonwealth's interpretation would not effectuate every word in the statute, as the General Assembly has drafted it, in contravention of ***Lobiondo*** and ***Elliott***, ***supra***.

_____

[3] If the legislature wants Subchapter I registrants to provide their addresses, including room or unit numbers, it may amend 18 Pa.C.S.A. § 4915.2(a)(2) and 42 Pa.C.S.A. §§ 42 Pa.C.S.A. §§ 9799.51-9799.75.

Presumably, the legislature knew the difference between "address" and "residence" when it authored SORNA's distinct subchapters and their related, failure-to-register criminal provisions. An obligation to provide one's complete mailing address – including room or apartment number – clearly arises under Subchapter H and 18 Pa.C.S.A. § 4915.1(a)(2), because, in those provisions, the legislature commanded registrants to verify their "address." By contrast, in Subchapter I and 18 Pa.C.S.A. § 4915.2(a)(2), the legislature imposed a less stringent standard. There, the legislature only compelled registrants to verify their "residence." ***Id.***

In drafting Subchapter I, the General Assembly defined "residence" as "A ***location*** where an individual resides . . . The term includes a residence which is mobile, including a houseboat, mobile home, trailer or recreational vehicle." 42 Pa.C.S.A. § 9799.12 (emphasis added). We hold that, where, as here, a registrant resides in a building, the operable "location," is the building itself. This reading gives "residence" its common meaning in plain English. The list of "locations" that the legislature used as examples buttresses our interpretation. Everything in that list is a complete structure. Nothing in that list indicates that the drafters intended "residence" to mean a specific room within a larger building, as the Commonwealth contends.

In fact, if someone asked a person living in an apartment complex or a condominium where she resides, her most likely answer would be the name of the apartment or condominium, not her specific room or unit. Also, this plain-language interpretation of "residence" reduces the burden of Subchapter

I registrants from the more specific and onerous requirement of a complete mailing address under Subchapter H. A reduced burden on Subchapter I registrants comports with the legislative purpose for adopting Subchapter I: namely, eliminating the penal nature of SORNA that caused it to run afoul of the *ex post facto* clause in the first place. ***See Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). Hence, the legislature demanded that Subchapter I registrants verify only the buildings in which they reside, while retaining the heightened, pre-***Muniz*** obligation of Subchapter H registrants to verify their complete mailing addresses.

In sum, the trial court erred, as a matter of law, because it committed this pure question of statutory construction to the jury, when no material facts were in dispute. Section 4915.2(a)(2) does not require a Subchapter I registrant to verify the specific room or apartment in which he resides. As such, Brashear was under no obligation to provide that information when he registered his new residence in November of 2019. In addition, the detective was mistaken in her interpretation of the statute; Block 54 on the PSP Form (*i.e.*, apartment/room number) is irrelevant to a Subchapter I registrant.

Under the plain language of the statute, the Commonwealth presented overwhelming evidence of Brashear's innocence. He verified his "residence" to the corrections officer as the legislature intended that word in Subchapter I of SORNA and 18 Pa.C.S.A. § 4915.2(a)(2). Accordingly, Brashear is entitled to full appellate relief, and we reverse the order denying judgment of acquittal.

Judgment of sentence vacated. Defendant discharged.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/31/2024</u>