J-S33040-24                    2025 PA Super 123

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYLVESTER RICHARD GREENE | : | |
| | : | |
| Appellant | : | No. 410 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001189-2021

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY KUNSELMAN, J.:                    **FILED: JUNE 18, 2025**

Sylvester Richard Greene appeals from the judgment of sentence entered following his conviction for driving under the influence (DUI) of a controlled substance, possession of a controlled substance, and use or possession of drug paraphernalia.[1]  On appeal, Greene challenges the sufficiency of the evidence and evidentiary rulings made by the trial court.  We affirm.

The trial court set forth the following factual and procedural history:

This case arises from a traffic stop of a vehicle driven by [Greene] by officers of the Williamsport Bureau of Police at approximately 8:32 p.m. on April 8, 2021, in the 1100 block of High Street, within the City of Williamsport, Lycoming County, Pennsylvania. . . .

[Greene] waived his right to a jury trial by written waiver and proceeded to [a] bench trial on January 12, 2023. After trial, the

---

[1] 75 Pa.C.S. § 3802(d)(2) (first offense); 35 P.S. §§ 780-113(a)(16) and (32), respectively.  The trial court acquitted Greene of speeding.  *See* 75 Pa.C.S. § 3362(a)(1).

[trial] court issued an order dated that same day and filed of record January 23, 2023: (1) finding [Greene] guilty of Count 1, [DUI] of a controlled substance (PCP), guilty of Count 2, possession of a controlled substance (PCP), and guilty of Count 3, possession of drug paraphernalia; (2) finding [Greene] not guilty of Count 4, speeding; and (3) scheduling sentencing for March 17, 2023.

Following sentencing, the [trial] court entered an order dated March 17, 2023 and filed of record March 21, 2023 sentencing [Greene]: (a) to pay the costs of prosecution; (b) to pay a fine of $2,000.00; (c) to incarceration in the Lycoming County Prison for a period of three (3) to six (6) months as to Count 1; (d) to a consecutive period of incarceration in the Lycoming County Prison of eight and one-half (8½) to seventeen (17) months as to Count 2; (e) to a consecutive period of probation of one (1) year as to Count 3; (f) to pay an Act 198 fee of $100.00; and (g) to complete fifty (50) hours of community service.

[Greene] appealed to the Superior Court on March 31, 2023, but the Superior Court dismissed the appeal by order of July 11, 2023 for failure to file a brief. [**See Commonwealth v. Greene**, 462 MDA 2023 (*per curiam* order).] [Following a Post Conviction Relief Act ("PCRA") petition,] the [PCRA] court entered an order reinstating [Greene's] direct appeal rights [*nunc pro tunc*] and directing him to file a notice of appeal within thirty (30) days. [Greene], accordingly, filed the within appeal on March 22, 2024.

Trial Ct. Op., 4/23/24, at 1-3 (footnotes omitted and formatting altered).

Both Greene and the trial court complied with the mandates of Pennsylvania Appellate Rule 1925.

Greene raises the following three issues for our review:

1. The trial court wrongfully convicted [] Greene by permitting Officer Andrew Stevens of the Williamsport Police Department to render an opinion that [] Greene was under the influence of phenyl cyclohexyl piperidine (PCP) when Officer Stevens was not admitted as an expert witness under Pennsylvania Rule of Evidence 702.

2. The trial court wrongfully convicted [] Greene by finding sufficient evidence to support the offense of [DUI] of a controlled substance when the Commonwealth failed to offer expert testimony to establish that [] Greene was unable to safely operate his vehicle and that [] Greene's inability to do so was caused by the ingestion of a controlled substance.

3. The trial court wrongfully convicted [] Greene by finding sufficient evidence to support a conviction for the offense of [DUI] of a controlled substance when the Commonwealth's witness testified that, in part, his basis for concluding [] Greene was under the influence of PCP was his conclusion that [] Greene's vehicle was exceeding the speed limit and the Commonwealth failed to provide proof that the utilized speedometer was certified invalidating speeding as an admissible basis for concluding that [] Greene was under the influence to a degree that rendered him incapable of safe driving beyond a reasonable doubt.

Appellant's Brief at 4 (some formatting altered).[2]

In his first issue, Greene challenges the admission of Officer Stevens' opinion that he was under the influence of PCP as an expert opinion under Pennsylvania Rule of Evidence 702,[3] because Officer Stevens was not offered

_____

[2] The Commonwealth did not file a brief in this matter.

[3] Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;
(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and
(c) the expert's methodology is generally accepted in the relevant field.

*(Footnote Continued Next Page)*

as an expert witness.[4]   This issue challenges the admissibility of evidence.

Preliminarily, we note that the admission of evidence is solely within the

discretion of the trial court, and a trial court's evidentiary rulings will be

reversed on appeal only upon an abuse of that discretion. ***Commonwealth v.***

***Walters***, 323 A.3d 151, 157 (Pa. 2024). An abuse of discretion is not simply

an error of judgment, but is an overriding misapplication of the law, or the

exercise of judgment that is manifestly unreasonable, or the result of bias,

prejudice, ill-will, or partiality.  ***Id.***

Pennsylvania courts have relied on federal case law to distinguish

between an officer's lay and expert testimony as follows:

> We have explained that a law enforcement officer's testimony is
> lay opinion if it is limited to what he observed . . . or to other facts
> derived exclusively from a particular investigation. . . .  On the
> other hand, an officer testifies as an expert when he brings the
> wealth of his experience as an officer to bear on those observations

---

Pa.R.E. 702.  By contrast, Rule 701 provides that a witness may offer lay
testimony rationally based on the witness's perception that is helpful to
determining a fact in issue, and that is not based on scientific, technical, or
other specialized knowledge. ***See*** Pa.R.E. 701.

[4] Greene's counsel interjected when Officer Stevens began his testimony to
inquire about whether the Commonwealth was offering Officer Stevens as a
Drug Recognition Expert, because he believed a ***Frye*** hearing would have been
necessary.  N.T., Trial, 1/12/23, at 10-11.  The court indicated that expert
testimony was not necessary to establish DUI, and that the officer's training
went only to the weight of the opinion of whether Greene was under the
influence of drugs, not its admissibility.  ***Id.*** at 11.  After this discussion, the
Commonwealth never offered Officer Stevens as an expert witness, and it was
clear that Greene's counsel objected to the testimony being offered as expert
opinion.  Thus, Greene preserved this issue for our review.

and makes connections for the [fact finder] based on that specialized knowledge.

***Commonwealth v. Jones***, 240 A.3d 881, 890 (Pa. 2020) (quoting

***Commonwealth v. Huggins***, 68 A.3d 962, 969 (Pa. Super. 2013) (quoting

***United States v. Christian***, 673 F.3d 702, 709 (7th Cir. 2012))) (some

punctuation modified).

Greene relies on the Supreme Court's decision in ***Jones*** to argue that

the officer's testimony that he was under the influence of PCP required

specialized knowledge and was inadmissible as lay opinion. Greene's Brief at

11-13. In ***Jones***, Detective Holzwarth opined that child sexual assault victims

are often unable to recall specific details and dates of sexual assaults. The

detective was not offered as an expert witness under Rule of Evidence 702.

Jones claimed this opinion was expert testimony and not admissible under Rule

701, because it was not within the scope of knowledge possessed by the

average layperson. Our Supreme Court agreed.

> Detective Holzwarth was asked to provide insights gained through specialized occupational training and experience not within the average layperson's knowledge base as required by the plain language of Rule 702(a). [He] called upon the wealth of his knowledge and training as a detective with extensive experience investigating sexual assaults and made connections for the jury based on that specialized knowledge. While some laypersons may be aware of common behaviors and responses to sexual abuse, it would be a generalization to assume the average juror is privy to the complex psychological dynamics of sexual abuse.

***Jones***, 240 A.3d at 891.

The **Jones** court concluded that the detective's opinion fell within the realm of expert testimony and was inadmissible under Rule 701.[5]

In the context of DUI, this Court has similarly held that a police officer could not offer lay opinion testimony regarding the effects of marijuana use on the body. **Commonwealth v. Gause**, 164 A.3d 532 (Pa. Super. 2017) (*en banc*). In **Gause**, Officer Eiker opined that Gause was under the influence of marijuana, due to eyelid and body tremors. An *en banc* panel of this Court concluded that this opinion required specialized knowledge and was thus inadmissible as lay opinion under Rule 701.[6] We noted "[a]lthough Officer Eiker could testify as to her observations of an apparent physical condition, a qualified expert is required to provide the connection between the symptoms observed and the drug allegedly influencing the defendant's driving." **Id.** at 539.

Here, Officer Stevens testified that Greene was under the influence of a specific drug, namely PCP.[7] This is akin to Officer Eiker's testimony in **Gause**,

---

[5] As discussed later, the **Jones** court also believed the error was not harmless and ordered a new trial.

[6] The **Gause** court did not determine whether the officer's opinion would have been admissible under Rule 702, because that issue was not before the court. **Gause**, 164 A.3d at 539, n.9. That issue is also not before this Court because Officer Stevens was not offered as an expert witness.

[7] This case is distinguishable from **Commonwealth v. Nestor**, 314 A.3d 863 (Pa. Super. 2024), where the officer testified only that the defendant was under the influence of a controlled substance. The **Nestor** court observed, "Critically,
*(Footnote Continued Next Page)*

where Officer Eiker connected body and eyelid tremors to marijuana use. Connecting a specific drug with a defendant's bodily reactions is generally beyond the knowledge of an ordinary layman. In fact, here, Officer Stevens prefaced his opinion by noting that he was a certified drug recognition expert (DRE) and a certified DRE instructor. N.T., Trial, 1/12/23, at 10. He also noted that he had specific training and experience with respect to detecting PCP. *Id.* at 20. Undoubtedly, his testimony about the odor of PCP[8] and the indicators that Greene was under the influence of PCP, in particular Greene's blank stare and laughing when he was asked a question, involved specialized knowledge beyond that of an ordinary layperson.

Indeed, the trial court acknowledged that Officer Stevens' opinion was beyond that of an ordinary layperson. *See* Trial Court Opinion, 4/23/24, at 14 ("Far from the ordinary lay witness, Officer Stevens is experienced in dealing with individuals under the influence of controlled substance(s)."). Yet, the trial court failed to appreciate that this rendered Officer Stevens' opinion

---

unlike the officer in *Gause*, 'Trooper Zimmerman *did not voice an opinion as to which controlled substance* he suspected [Nestor] had ingested. . . .'" *Id.* at 872 (record citation omitted) (emphasis added). Rather, Trooper Zimmerman opined that "Nestor was impaired by *a* stimulant." *Id.* at 872-73.

[8] While the odor of marijuana is familiar to the average layperson, the odor of PCP is not.

inadmissible under Rule 701,[9] and it overlooked that Officer Stevens was never offered as an expert witness under Rule 702. The trial court erred when it impliedly overruled Greene's objection, and it stated that the officer's training went only to the weight of his opinion of whether Greene was under the influence of drugs, not its admissibility. N.T., Trial, 1/12/23, at 11. This was a question of admissibility.

Because testimony that Greene was under the influence of the specific drug PCP was beyond the knowledge of an average layperson, it was improperly admitted as lay opinion under Rule 701. By misapplying the law, the trial court abused its discretion, when it allowed Officer Stevens to give his opinion that that Greene was under the influence of PCP.

---

[9] The trial court states that the officer's "perceptions at the scene were informed by his narcotics training, prior drug arrests and knowledge of the effects of [PCP]." Trial court opinion, 4/23/24 at 16. The trial court relied on this Court's decision in *Commonwealth v. Yedinak*, 676 A.2d 1217 (Pa. Super. 1996). There, we determined for the first time that lay opinion testimony was admissible to prove drug-induced intoxication (as opposed to alcohol-induced intoxication). *Id.* at 1221. We found no basis upon which to distinguish opinion testimony of drug-induced intoxication from opinion testimony of alcohol-induced intoxication where the witness was personally familiar with the effects of narcotics. *Id.* We observed that "Officer Weiss based his opinion that appellant was ***under the influence of a controlled substance*** on specific and articulable observations of appellant's physical appearance and behavior." *Id.* As in *Nestor*, the officer's lay opinion in *Yedinak* involved whether the appellant was under the influence of a controlled substance generally, and not whether the appellant was under the influence of a specific drug. The trial court also relied on *Commonwealth v. Spence*, 290 A.3d 301 (Pa. Super. 2023). That case involved a challenge to the sufficiency of the evidence, not the admissibility of lay opinion testimony.

Although Greene is correct that the trial court erred by admitting Officer Steven's expert opinion testimony, we must also determine whether the error was harmless. Once an appellate court determines a trial court improperly admitted testimony, it must determine the appropriate remedy. An error may be considered harmless "only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." **Jones**, 240 A.3d at 891 (citation omitted). An error cannot be considered harmless unless the court determines that the error could not have contributed to the verdict. "Whenever there is a reasonable probability that the error might have contributed to the conviction, the error is not harmless." **Id**. Our High Court has outlined three scenarios under which an error may be deemed harmless, which have been summarized in our case law as follows:

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Id**. at 892 (citation omitted).

The **Jones** Court found the detective's testimony regarding the behavior of children following sexual assaults was not harmless error. **Id.** That case involved competing narratives about whether the assaults occurred, making credibility a central issue. "The Commonwealth's emphasis on Detective Holzwarth's training and experience prior to eliciting testimony concerning

common victim behavior in response to sexual abuse likely signaled to the jury that he was qualified to offer such a response." *Id.* As a result, "the jury was able to draw an inference that the victim's behavior in this case was consistent with similarly situated victims, without any of the heightened reliability concerns that accompany expert testimony." *Id.* Thus, the court could not say for certain that the jury did not place undue weight on the detective's testimony. Because the error might have contributed to the verdict, Jones was entitled to a new trial.

Similarly, in **Gause**, this Court determined that the admission of lay opinion testimony regarding the marijuana impairment was not harmless error in supporting a DUI conviction. There, "Officer Eiker's testimony regarding body and eye tremors was central to the Commonwealth's case pertaining to marijuana impairment, as it was the **only factor** she attributed to marijuana impairment." **Gause**, 164 A.3d at 540 (emphasis added). Without expert testimony, we noted, "the jury was permitted to engage in speculation that the observation of eye tremors indicates marijuana impairment, or at the least ingestion." *Id.*

Significantly, no other evidence indicated that Gause was under the influence of a controlled substance. Gause was initially pulled over because his taillights were not illuminated. *Id.* at 535. Nothing indicated that he drove unsafely, or that he was otherwise impaired by a controlled substance. Although Gause showed some impairment on the walk-and-turn test, he showed no impairment on the Horizontal Gaze Nystagmus (HGN) test, and he

did not show sufficient clues for DUI impairment on the one-leg stand test. *Id.* There was no testimony that his results on the Romberg balance test indicated impairment. *Id.* Additionally, Gause properly signaled and pulled over immediately, and gave the officer his information without fumbling; there was no odor of marijuana from the car or his person, no testimony that his eyes were bloodshot, and no evidence of recent marijuana usage. *Id.* at 538-39. As we observed, "there was a total lack of proof that Gause was under the influence of a drug to a degree that his ability to safely drive was impaired." *Id.* at 540. Thus, we determined his conviction could not stand.

Here, by contrast, the Commonwealth offered a plethora of other evidence that Greene was too impaired to drive. Greene initially was pulled over for speeding, a factor indicating unsafe driving.[10] Critically, Greene failed several sobriety tests.[11] For the walk-and-turn test, Greene displayed seven of eight signs of impairment. N.T. at 24-25. For the one-leg stand test, Greene displayed three of four signs of impairment. *Id.* at 25-26. Officer Stevens also noticed that Greene was swaying during some of the field sobriety tests,

_____

[10] Greene argues that because he was found not guilty of the speeding charge, speeding cannot be considered as a sign of impairment. Greene's Brief at 17-18. We disagree. Although the Commonwealth could not prove speeding beyond a reasonable doubt, the officer's observations of Greene's driving are still relevant in determining whether Greene was too impaired to drive. Especially here, where the officer also noted that Greene "nearly caused a rear end collision" and had to "abruptly brake" to avoid hitting the car in front of him. *See* N.T. at 17-18.

[11] The court did not consider the failed HGN test in rendering its decision. *See* discussion at N.T. at 24-25.

which, while not a validated clue, was another "observation of impairment." Additionally, Greene asked the officer to repeat himself several times, gave incomplete verbal responses, was confused, was unable to complete simple tasks that the officer gave him, and had slurred speech. *Id.* at 26, 32. A cigarette containing PCP was also discovered in Greene's car.[12] *Id.* at 36. And Officer Gino Caschera testified, without objection, that he smelled PCP coming from Greene's car and person. *Id.* at 61.

Based on this additional evidence, we conclude the "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence." *Jones*, *supra*, at 182. Therefore, the admission of Officer Steven's expert testimony regarding the odor of PCP and signs that Greene was under the influence of the specific drug PCP was harmless error.

In his next two issues, Greene challenges the sufficiency of the evidence to convict him of DUI of a controlled substance under 75 Pa.C.S.A. § 3802(d)(2). We note that a challenge to the legal sufficiency of the Commonwealth's evidence "presents a question of law, for which our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Brashear*, 2024 PA Super 317, 331 A.3d 669, 672 (Pa. Super. 2024), *reargument denied* (Mar. 10, 2025). "This Court views the record in the light

---

[12] By contrast, no physical evidence of recent marijuana use was discovered in *Gause*.

- 12 -

most favorable to the Commonwealth, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Id.* "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.*

The relevant DUI statute provides:

(d) Controlled substances—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

We have emphasized that "Section 3802(d)(2) does *not* require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section." *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa. Super. 2008) (emphasis in original). Rather, the Commonwealth must simply prove that, while driving or operating a vehicle, the accused was under the influence of a drug to a degree that impaired his or her ability to safely drive that vehicle. *Id.*

In his second issue, Greene maintains that the evidence was insufficient because the Commonwealth failed to offer expert testimony to establish that

Greene was unable to safely operate his vehicle and that Greene's inability to drive safely was caused by the ingestion of a controlled substance.

The Pennsylvania Supreme Court has held that, "expert testimony is not mandatory in every prosecution to establish that a defendant's inability to drive safely was caused by the ingestion of a controlled substance." ***Commonwealth v. Griffith***, 32 A.3d 1231 (Pa. 2011). "[T]he need for expert testimony in subsection 3802(d)(2) prosecution must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue, prescription or otherwise, but also the nature and overall strength of the Commonwealth's evidence." ***Id.*** at 1239.

Greene argues that he was stopped "solely because he was 'observed' to be exceeding the speed limit. (Transcript, 01/12/23, page 13). No other unsafe driving was observed." Appellant's Brief at 15. Additionally, he claims that the opinion regarding PCP use was inadmissible expert opinion, and with no other expert, the evidence was insufficient.

The record belies this argument. As noted in the harmless error analysis above, the Commonwealth offered substantial other evidence that Greene was too impaired to drive due to the ingestion of PCP. Greene was not only observed to be speeding, but the officer also noted that Greene "nearly caused a rear end collision" and had to "abruptly brake" to avoid hitting the car in front of him. ***See*** N.T. at 17-18. He performed poorly on the field sobriety tests. ***Id***. at 24-26. Additionally, Greene asked the officer to repeat himself several

times, gave incomplete verbal responses, was confused, was unable to complete simple tasks that the officer gave him, and had slurred speech. *Id*. at 26, 32. A cigarette containing PCP was also discovered in Greene's car. [13] *Id*. at 36. And Officer Gino Caschera testified, without objection, that he smelled PCP coming from Greene's car and person. *Id.* at 61.

Given the strength of this other evidence, the Commonwealth did not need expert testimony; the other evidence of drug impairment was sufficient to prove beyond a reasonable doubt that Greene was unable to safely operate his vehicle. Thus, the evidence was sufficient to convict Greene of DUI under section 3802(d)(2).

In his final issue, Greene similarly contends that the evidence was insufficient to convict him of DUI of a controlled substance conviction because he was acquitted of speeding and therefore speeding could not be used to establish that he was too impaired to drive due to drug use. We acknowledge that Greene was acquitted of the speeding offense.[14] If speed alone was the only evidence the Commonwealth relied on to support the charge of impaired driving due to drugs, Greene's argument might warrant relief.

---

[13] By contrast, no physical evidence of recent marijuana use was discovered in *Gause*.

[14] At trial, Greene argued the Commonwealth failed to provide proof that the speedometer was certified.

However, here Greene's speed was merely a factor that gave the officers reasonable suspicion to stop Greene to investigate the cause of his erratic driving. Greene concedes that the stop was valid. Appellant's Brief at 14. The officers also observed, and offered dash cam video to support, that Greene had to abruptly apply his brakes to avoid a rear end collision. Also, as discussed, once officers pulled over Greene, there was other sufficient evidence to support the DUI conviction: Greene's behavior; the failed sobriety tests; the presence of a cigarette with PCP; and the smell of PCP, as Officer Caschera testified to without objection. The fact that Greene was acquitted of speeding does not render this other evidence inadmissible or insufficient to satisfy the Commonwealth's burden of proof.

Moreover, in a bench trial, the trial court, acting as the factfinder, "is presumed to know the law, ignore the prejudicial statements, and disregard inadmissible evidence." *Commonwealth v. McFadden*, 156 A.3d 299, 309 (Pa. Super. 2017) (citation omitted). Thus, Greene's acquittal of the speeding charge did not adversely affect the trial court's decision to convict him of DUI. His final issue warrants no relief.

Judgment of sentence affirmed.

Judge Olson joins the Opinion. Judge Nichols notes her dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/18/2025